TotteN, J.,
delivered the opinion of the court.
The plaintiff claims title to 1600 acres of land in Franklin county, by grant from the State, dated June 30, 1838.
Samuel B. Barrel claims the same land by grant from the State, dated March 30th, 1838, on entry dated August 19th, 1837, for 5000 acres, and the other defendants claim *65 and hold under Mm. The plaintiff sued the defendants in an action at law for trespass on his said land, and the suit is yet pending in the circuit court. In that suit, the defendants, relying on their prior .entry and grant, insist that they have the better and a valid title to the land in question.
The plaintiff now brings Ms bill in aid of his suit at law, alleges that the grant to Barrel is null and void, prays that it be so declared by the chancellor, and that defendants be enjoined not to rely on it in the trial at law.
It is said that the grant is void, because it was issued in violation of the Act of 1829, ch. 85, which provides, “That it shall and may be lawful for any person to enter and obtain grants for any quantity of land not exceeding 5000 acres, Horth and East of the congressional reservation'" line, and North of Tennessee river,” on paying office fees.
That the Act was violated in this: that said Barrel, at the time he made said entry, and procured said grant, was the owner of a number of other tracts in Eranldin and Coffee, of 5000 acres each, which were entered in the names of other persons at Ms instance, and for Ms use, and then assigned and granted to him. That the same course was pursued in procuring the grant here in question, with the view to evade the prohibitory provision of the said law. That the vacant land named in said Act, being a boon from the State, granted without price, it was provided, that no one should enter more than 5000 acres, to avoid its monopoly by a few persons. That said Barrel is guilty of a fraud on the policy and provisions of said law, and that Ms said grants ought therefore to be held and deemed to be null and void.
*66 The case was heard on demurer to the bill, and thereon the demnrer was sustained, and the bill dismissed, and the plaintiff appealed to this court.
Now, if it be true in the case stated in the bill, that the grant to Barrel is void, and not merely voidable, the objection lies to the grant in any court where it may be offered as evidence of title. A void grant vests no title in the grantee, it is- wholly inoperative — the title remains in the State-, the land remains unappropriated, and subject to> entry by other persons. Thus in the action of ejectment either party may obviate the effect of a grant, if he can show that for any cause it is void.
Polk's Lessee vs. Wendle, 2 Tenn. R., 433. Crutchfield vs. Hammock. 4 Humph., 203.
And no doubt the same is true in every case at law •or in equity, where the void-grant may come in question.
In this view we see no occasion for the present bill. The void grant can be of no more force in a court of ■law than in a court of equity: that is, it can be of no force in either. And if it be true, in the case stated, that the grant is void, the plaintiff may resist it in the one court as well as in the other, in the absence of any other ground for equitable relief: as discovery, or the like.
But it seems that in a collateral' proceeding, not between the parties to the grant, the grant being matter of record, cannot in general, be impeached and declared void, except by some matter of record — by some evidence of the same grade as the grant itself, or by facts apparent on the face of the grant. And so the grant is to be considered as void where the State had no property in the land granted, or where the officers had no power *67 to receive the entry and issue the grant. Mow, in the present case, the objection made to defendant’s grant, is for matter dehors the grant, and in pais; a kind of objection competent for the grantor, but not for another to -make, except in special cases where a grant is declared void by statute.
But we are of opinion that the grant to defendant is not void. The State was owner of the land, it was subject by law to entry, it was entered by defendant, and formally granted to him by the proper officers acting on behalf of the State. It had the effect to appropriate the land, and to vest title and constructive possession in the grantee. Mor was the land a proper subject for entry and grant for another, while the former grant remained unrevoked and in force. A person claiming title in virtue of a subsequent entry and grant, with notice of a prior grant, which remains in force, has no such interest as will entitle him to litigate the right of the former grantee.
Mow, whether the defendant’s grant is voidable or not is a question between the State and grantee, and it depends for its solution on a proper construction of the Act of 1829, before recited, and preceding acts on the same subject.
Eor the plaintiff it is insisted that as the land is a mere gift from the State to the grantee, it was expressly provided and intended that, no greater quantity than 5000 acres should be granted to the same person.
On the contrary, it is argued for defendant, that the policy of the State was to part with the title to the land, and place it in the hands of private persons for their benefit, and as a subject of taxation for the common benefit..
*68 That the limitation as to quantity, had reference, not to the person, but to the grant; that is, that no greater quantity than 5000 acres should be contained in the same grant.
But as the State is no party to the record now before us; the point in contest is not relevant to the present issue, and therefore, it is not proper that we express any •opinion on the subject.
Let the judgment be affirmed.